UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UPPER OHIO VALLEY LABORERS
SECURITY FUND,

  Plaintiff,          Civil Action No. 1:08-cv-364

 vs.

MMIC, INC.,           **REPORT AND**
                 **RECOMMENDATION**
  Defendant          (Dlott, J.; Hogan, M.J.)

This matter is before the Court on plaintiff's motion for default judgment against defendant. (Doc. 5).

On May 27, 2008, plaintiff filed a complaint pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, against defendant MMIC, Inc. (Doc. 1). Plaintiff Upper Ohio Valley Laborers Security Fund ("Fund") is an employee benefit plan as defined in 29 U.S.C. § 1002(3). The Fund receives certain fringe benefit contributions by covered employers for the purpose of providing, *inter alia*, retirement benefits to covered employees. (Doc. 1, ¶1). The complaint alleges that defendant MMIC, Inc. is an employer as defined in 29 U.S.C. § 152(2) and is a signatory to and agreed to be bound by the terms of the National Maintenance Agreement. (Doc. 1, ¶4, Exh. A). Pursuant to this Agreement and the declaration of trust, defendant MMIC, Inc. agreed to make timely fringe benefit payments to the Fund. (Doc. 1, ¶5). The complaint further alleges that defendant MMIC, Inc. failed and refused to make timely fringe benefit payments for the

periods of September 2, 2007 through September 23, 2007, and September 24, 2007 through October 28, 2007 and thus failed to perform its obligations under the terms of the Agreement. (Doc. 1, ¶7). The complaint states that as a result of the failure to make fringe benefit payments, defendant MMIC, Inc. is indebted to plaintiff in the amount of $2,118.45, representing $1,737.50 in delinquent fringe benefits and $380.95 in liquidated damages. (Doc. 1, ¶¶5, 8-9).

The record before the Court shows: (1) the complaint in this action was filed against defendant on May 27, 2008 (Doc. 1); (2) the Summons and Complaint were duly served on defendant (Docs. 3, 4); (3) no answer or other defense has ever been filed by defendant; (4) default has been entered in the civil docket in the office of the Clerk of this Court (Doc. 7) and no proceedings have been taken by defendant since the default was entered; (5) defendant is not in the Military Service, *see* The Servicemembers Civil Relief Act, as amended December 19, 2003, Pub. L. 108-189, Sec.1, 117 Stat. 2835, and amended Jan. 28, 2008, Pub. L. 110-181, Div. A, Title V, § 584(a), 122 Stat. 128, 50 App. U.S.C. §§ 521(a), (b)(1) (Doc. 5, Affidavit of Timothy R. Piatt); and (6) defendant is not an infant or incompetent person. (Doc. 5, Affidavit of Timothy R. Piatt).

Plaintiff now seeks default judgment against defendant. Plaintiff requests: (1) judgment in the amount of $2,118.45, an amount plaintiff states represents delinquent fringe benefit payments and liquidated damages; (2) that defendant be ordered to comply with its obligation to make timely and full contributions to plaintiff; (3) that defendant be ordered to reimburse plaintiff for all amounts that plaintiff has expended to retain and/or obtain health insurance coverage, if any, for participants for the time periods which defendant has failed to

timely make contributions to plaintiff and/or for those periods when participants employed by defendant would have been eligible for coverage by plaintiff; (4) that this Court award plaintiff interest on all amounts received from defendant at the current IRS rate per annum; (5) that the Court grant plaintiff an award of reasonable attorney fees and costs incurred by plaintiff in further pursuit of this judgment; and (6) order any other legal or equitable relief which the Court deems appropriate, including any statutory penalties as allowed by ERISA. (Doc. 5 at 1-2).

Rule 55, Fed. R. Civ. P., provides for the entry of default against a party who fails to plead or otherwise defend as provided for under the Civil Rules. Given the fact that defendant has failed to appear and respond to plaintiff's complaint and that defendant is neither an infant nor incompetent person, nor in the Military Service, default judgment against defendant is warranted at this point in the litigation. Therefore, plaintiff is entitled to default judgment against defendant. Fed. R. Civ. P. 55(b).

A default judgment establishes liability as to the well-pleaded allegations in a complaint. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). As set forth above, the complaint alleges that defendant failed to make fringe benefit contributions to the Fund in accordance with the Agreement and the declaration of trust for the periods of September 2, 2007 through September 23, 2007, and September 24, 2007 through October 28, 2007. (Doc. 1, ¶¶5, 7). Plaintiff has thus established liability on the part of defendant under ERISA to collect the unpaid contributions along with interest, liquidated damages, attorney's fees and the costs associated with bringing that action. 29 U.S.C. § 1132(a), (g)(2). The only remaining question for the Court is the amount of such judgment.

3

ERISA provides that in a suit brought on behalf of a plan pursuant to section 1145, if judgment in favor of the plan is awarded, "the court shall award the plan–"

>    (A) the unpaid contributions,
>
>    (B) interest on the unpaid contributions,
>
>    (C) an amount equal to the greater of--
>
>    > (i) interest on the unpaid contributions, or
>    > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
>    (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
>    (E) such other legal or equitable relief as the court deems appropriate.
>
>    For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2). The language of § 1132(g)(2) is mandatory. Once liability for delinquent contributions is determined, the district court must award those damages. *See Michigan Carpenters Council Health and Welfare Fund v. C.J. Rogers, Inc.*, 933 F.2d 376, 388 (6th Cir. 1991). In this action, plaintiff is entitled to recover the unpaid fringe benefit contributions, interest on those contributions, an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the plan, costs and reasonable attorney fees, and other legal or equitable relief deemed appropriate by the Court.

Plaintiff seeks judgment in the amount of $2,118.45, which plaintiff states represents delinquent fringe benefit payments and liquidated damages "calculated at the amount of ten

4

percent (10%) of the total amount of unpaid delinquent contributions" (Doc. 1, ¶5) for the periods in question. Plaintiff is entitled to $1,737.50 in delinquent fringe benefits. Plaintiff also requests $380.95 in liquidated damages. This amount, contrary to plaintiff's representation in the complaint, does not represent "10% of the total of unpaid delinquent contributions." The Court is unable to determine how plaintiff calculated the amount of liquidated damages. Moreover, the statute provides for liquidated damages *as provided in the plan* in an amount not to exceed twenty percent of unpaid contributions. *See* 29 U.S.C. § 1132(g)(2). Plaintiff has not submitted the Trust Agreement and related Plan documents which set forth the provisions for the assessment of liquidated damages on delinquent contributions. The Court should withhold ruling on the amount of liquidated damages to be awarded pending the submission of the pertinent Plan documents setting forth the required provisions for liquidated damages, clarification by plaintiff as to the amount of liquidated damages it seeks, and further briefing by plaintiff in support thereof.

Plaintiff also seeks interest on all amounts received from defendant. (Doc. 5 at 2). Under ERISA, plaintiff may recover "interest on the unpaid contributions" based on the rate set by the plan or, if none is set by the plan, the rate prescribed under section 6621 of Title 26. *See* 29 U.S.C. § 1132(g)(2). Plaintiff has failed to indicate whether the Plan sets forth an interest rate and to submit the pertinent portions of the Plan in support thereof. While plaintiff is entitled to an award of interest on the amount of unpaid contributions, the Court should withhold ruling on the particular rate at which interest should be awarded pending submission of the Plan information.

To the extent plaintiff seeks interest on any additional funds used to reimburse

5

plaintiff for health insurance coverage (Doc. 5 at ¶¶3-4), plaintiff has failed to show it is entitled to interest on such funds under ERISA. In the absence of any briefing or authority on this claim, plaintiff's request should be denied.

Plaintiffs also seek an award of reasonable attorney fees and costs. (Doc. 5 at 2). Such fees and costs may be awarded to a trust fund or plan that receives a judgment in its favor, *see* 29 U.S.C. § 1132(g)(2)(D), and such an award appears appropriate in this matter. If this Recommendation is adopted, plaintiff should be directed to submit proof of attorney fees and costs, and briefing in support thereof.

Finally, plaintiff seeks an order requiring defendant "to comply with its obligation to make timely and full contributions to the Plaintiff" and "to reimburse Plaintiff for all amounts that Plaintiff has expended to retain and/or obtain health insurance coverage, if any, for participants for the time periods which Defendant has failed to timely make contributions to Plaintiff and/or for those periods when participants employed by Defendant would have been eligible for coverage by Plaintiff." (Doc. 5 at 1-2). Such equitable relief appears appropriate in this matter and plaintiff's requests should be granted. If this Recommendation is adopted, plaintiff should be directed to submit proof of funds expended to retain and/or obtain health insurance coverage for participants for the relevant time periods.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion for default judgment against defendant (Doc. 5) be **GRANTED**, except to the extent set forth in Recommendation Number 3 below, and that default judgment be entered against defendant as follows:

   A. Judgment be entered against defendant and in favor of plaintiff in the

amount of $1,737.50 in delinquent fringe benefits.

B. Defendant be ordered to comply with its obligation to make timely and full contributions to the plaintiff;

C. Defendant be ordered to reimburse plaintiff for all amounts that plaintiff has expended to retain and/or obtain health insurance coverage, if any, for participants for the time periods which defendant has failed to timely make contributions to plaintiff and/or for those periods when participants employed by defendant would have been eligible for coverage by plaintiff;

D. The Court award plaintiff interest on unpaid contributions in accordance with Recommendation Number 2 below; and

E. The Court grant plaintiff an award of reasonable attorney fees and costs in accordance with Recommendation Number 2 below;

2. Plaintiff, within **thirty (30) days** of any Order adopting this Report and Recommendation, submit to the Court proof of entitlement to interest and liquidated damages, including the relevant portions of the Trust Agreement and Plan documents, a clarification as to the amount of liquidated damages it seeks, proof of attorney fees and costs, proof of funds expended to retain and/or obtain health insurance coverage for participants for the relevant time periods, and briefing in support thereof. Upon submission of this information, the Court should then determine whether to conduct a hearing before entering a judgment on the amount of interest, liquidated damages, and attorney fees and costs pursuant to Fed. R. Civ. P. 55(b)(2).

3. Plaintiff's request for interest on any additional funds used to reimburse plaintiff for health insurance coverage be denied.

Date: 10/28/08

Timothy S. Hogan
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UPPER OHIO VALLEY LABORERS
SECURITY FUND,
    Plaintiff,                                       Civil Action No. 1:08-cv-364

vs.

MMIC, INC.,                                   (Dlott, J.; Hogan, M.J.)
    Defendants

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within TEN (10) DAYS after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within TEN DAYS after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

8