# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

UPPER OHIO VALLEY LABORERS
SECURITY FUND,
    Plaintiff,

Civil Action No. 1:08-cv-364

vs.

MMIC, INC.,
    Defendant

**REPORT AND RECOMMENDATION**
(Dlott, J.; Hogan, M.J.)

This case is brought under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185. On January 6, 2009, the Court adopted the Report and Recommendation of the undersigned Magistrate Judge and granted default judgment against the defendant as follows:

    A. Judgment is entered against defendant and in favor of plaintiff in the amount of $1,737.50 in delinquent fringe benefits.

    B. Defendant is ordered to comply with its obligation to make timely and full contributions to the plaintiff;

    C. Defendant is ordered to reimburse plaintiff for all amounts that plaintiff has expended to retain and/or obtain health insurance coverage, if any, for participants for the time periods which defendant has failed to timely make contributions to plaintiff and/or for those periods when participants employed by defendant would have been eligible for coverage by plaintiff;

    D. The Court awards plaintiff interest on unpaid contributions in accordance with Recommendation Number 2; and

    E. The Court grants plaintiff an award of reasonable attorney fees and costs in accordance with Recommendation Number 2.

(Doc. 9). The Court withheld its ruling on the amount of interest, liquidated damages, and

attorney fees to be awarded pending the submission by plaintiff of the Trust Agreement and Plan documents, a clarification as to the amount of liquidated damages sought, and proof of attorney fees and costs. The Court also ordered plaintiff to provide proof of funds expended to retain and/or obtain health insurance coverage for participants for the relevant time periods, and briefing in support thereof. This matter is before the Court on plaintiff's proof of entitlement to interest, liquidate damages, attorney fees and costs. (Docs. 11, 12).

Plaintiff has submitted copies of its Fund's Trust Document, its Fund's Collection Policy, and Report Form developed by plaintiff and to be used by signatory employers in reporting and submitting the amount of benefits owed. (Doc. 11, Exhs. 1, 2, 3; Doc. 12). Such documents establish that plaintiff is entitled to an amount of liquidated damages of $380.95.

Plaintiff states that since neither the Trust Fund nor Collection Policy sets forth the interest amount to be accessed on delinquent contributions, it requests a rate of 6% pursuant to Section 6621 of the Internal Revenue Code of 1964. *See* ERISA § 502(g). (Doc. 11, Exh. 5). Application of that rate of interest to the delinquent contributions in this case ($1,737.50) yields interest in the amount of $104.25.

Plaintiff requests attorney fees in the amount of $1,748.00, and costs of $385.80. The Court may award "reasonable attorney's fees and costs" to the fiduciary of a plan who brought an action in which judgment has been entered in favor of the plan. 29 U.S.C. § 1132(g)(2)(D). Plaintiff seeks attorney's fees at the rate of $95.00 per hour, which the Court finds reasonable in this matter. Plaintiff has itemized in 12 minute increments a total of 18.4 hours of attorney time expended on this matter. (Doc. 11, Exh. 6). The Court has reviewed the entries and determines that the tasks for which time was spent and the amount of time spent on individual tasks were

reasonable. Plaintiff has also itemized the $385.00 in costs. (Doc. 11, Exh. 6). Based on the itemizations, the Court finds the $385.00 in costs to be reasonable. As the Court determines the entirety of the fee request and costs to be reasonable, pursuant to § 1132(g)(2)(D) plaintiff should be awarded $2,133.80 in fees and costs.

Finally, plaintiff rescinds the request for the amount of funds expended to retain and/or obtain health insurance coverage for Participants for the relevant time periods and waives entitlement to such amount. (Doc 11 at 4).

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff be awarded liquidated damages in the amount of $380.95.

2. Plaintiff be awarded interest in the amount of $104.25.

3. Plaintiff be awarded attorney's fees in the amount of $1,748.00 and costs of $385.80.

Date: 2/12/09

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

UPPER OHIO VALLEY LABORERS
SECURITY FUND,

    Plaintiff,                                          Civil Action No. 1:08-cv-364

vs.

MMIC, INC.,                                                    (Dlott, J.; Hogan, M.J.)
    Defendants

**NOTICE TO PARTIES REGARDING FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within TEN (10) DAYS after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within TEN DAYS after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4